AMERICAN REFRIGERATOR TRANSIT CO., PETITIONER, MISSOURI PACIFIC RAILROAD CO., INTERVENER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19019.   Promulgated December 7, 1928.

*Thomas T. Railey, Esq.,* and *Edward J. White, Esq.,* for the petitioners.

*M. N. Fisher, Esq.,* for the respondent.

### OPINION.

Smith: The petitioners claim to be affiliated for the calendar years 1920 and 1921 and claim the right to file consolidated returns for those years in accordance with the provisions of section 240 of the Revenue Acts of 1918 and 1921. Affiliation is denied by the respondent upon the ground that the Missouri Pacific Railroad Co. owned only 75.657 per cent of the Transit Co. and that it had no control over the stock of that company owned by the Wabash Railway Co. In support of this proposition the respondent relies upon *Tunnel Railroad Co. of St. Louis*, 4 B. T. A. 596, wherein we held that authorization to vote stock by proxy does not effect a separation

of the voting power from the ownership of the stock or neither does it constitute a relinquishment by the stockholder of any right of ownership or control of the stock.

The facts in this case are materially different from those which obtained in the case of *Tunnel Railroad Co. of St. Louis, supra.* In numerous cases we have held that each case must be considered and decided on its own facts and surrounding circumstances. *Isse Koch & Co.,* 1 B. T. A. 624; *Old Colony Railroad Co.,* 1 B. T. A. 1067; *Midland Refining Co.,* 2 B. T. A. 292; *Mahoning Coal Railroad Co.,* 4 B. T. A. 923. In the instant case the evidence clearly shows that the Transit Co. was an adjunct or an arm of the Missouri Pacific Railroad Co. It owned the cars that were used by the Missouri Pacific in the transportation of perishable freight. The Wabash Railway Co. was closely connected with the Missouri Pacific. The refrigerator cars of the Transit Co., which obtained their freights in Missouri Pacific Co. territory, were generally routed from St. Louis to Chicago and points east over the Wabash. It was for the interest of the Wabash to work harmoniously with the Missouri Pacific. The Missouri Pacific bore a very large part of the overhead expense of the Transit Co. It was to the interest of the Wabash to allow such an arrangement to continue. It never interposed any objection to the arrangement. The control exercised by the Missouri Pacific over the voting rights of the shares of stock of the Transit Co. owned by the Wabash was actual control. The control referred to in the statute, whether it be legal or otherwise, means control of the voting rights of the stock. *Isse Koch & Co., supra; Mahoning Coal Railroad Co., supra.* The contention of the petitioners that they were affiliated for the calendar years 1920 and 1921, and entitled to file consolidated returns for those years, is sustained.

*Judgment will be entered under Rule 50.*